IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| COACH, INC. *et al.* | : | |
| | : | |
| | : | |
| | : | |
| v. | : | Case No. CCB-10-2184 |
| | : | |
| | : | |
| SURF BEACHWEAR, INC. | : | |

## MEMORANDUM AND ORDER

Plaintiffs Coach, Inc. and Coach Services, Inc. ("Coach") brought this action against defendant Surf Beachwear, Inc. ("Surf") alleging trademark infringement. On June 6, 2011, the court entered default judgment in favor of Coach and awarded damages in the amount of $10,000, recognizing that, under the Lanham Act, 15 U.S.C. § 1117, "[a] successful plaintiff in a trademark infringement case is not always entitled to a monetary award . . . since any award for damages is subject to the principles of equity which give the court discretion based upon a wide range of considerations." *Ramada Inns, Inc. v. Apple*, 482 F. Supp. 753, 757-58 (D.S.C. 1980); *see also Chanel, Inc. v. Banks*, 2011 WL 121700, at *10 (D. Md. Jan. 13, 2011) ("[T]he Court must ensure that an award of statutory damages made under the Lanham Act is both equitable and substantial enough to advance the Act's goal of discouraging trademark infringement.").[1] After entry of default judgment, Surf filed what the court determined to be a motion to alter or amend its earlier judgment. Under Rule 59(e), a court has discretion to grant such a motion "if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp., LLC*, 599 F.3d 403, 407 (4th Cir. 2010). In light of the

---

[1] Unpublished cases are cited only for the soundness of their reasoning, not for any precedential value.

representations contained in Surf's motion to alter or amend, it appeared to the court that its earlier damages finding was not supported by the profit Surf made off its admitted violations, evidence of actual harm to Coach, or the balance of equities, considering also Surf's apparent willingness to proffer payment of its profits to Coach. *See Chanel*, 2011 WL 121700 at *10-13 ("In determining the amount of statutory damages, courts consider several factors, including, . . . the defendant's profits, the plaintiff's lost profits, the defendant's willfulness, the size of defendant's counterfeiting operation, the efforts to mislead and conceal, and the need to deter the defendant and others."). Thus, the court revised the damages award downward to $1,200 and granted Surf's Rule 59(e) motion in consideration of the new information brought to the court's attention by Surf and its apparent acceptance of responsibility.

Coach now brings a motion to alter or amend the court's order amending its default judgment (ECF No. 20). Unfortunately, Surf and its representative, George Fargas, failed to make any payment and failed to cooperate with a properly noticed deposition, for no good cause. Coach has persuaded the court that its revised judgment order was issued in error and should be vacated.

Accordingly, it is hereby Ordered that:

1. The plaintiffs' Motion to Alter/Amend Judgment (ECF No. 20) is **Granted**;

2. The court's Revised Judgment Order (ECF No. 19) is **Vacated** and its earlier Default Judgment (ECF No. 12) is **Reinstated**; and

3. The Clerk shall send copies of this Order and the accompanying Memorandum to Surf Beachwear, Inc. and to counsel of record.

March 28, 2013                               /s/
Date                                          Catherine C. Blake
                                               United States District Judge